# United States District Court
## for the
### Eastern District of New York

| | |
|---|---|
| GIORGI MIKANADZE,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL HOWARD REED, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC.,<br><br>Defendants. | Civil Action No.<br><br><br>Jury Trial:   ☒ Yes   ☐ No |

**COMPLAINT FOR A CIVIL CASE**

Plaintiff, GIORGI MIKANADZE, by his attorneys, SACCO & FILLAS, LLP, as and for his Complaint against the Defendants, DANIEL HOWARD REED, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., respectfully alleges, upon information and belief, as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S. Code § 1332, in that this is an action by and between citizens of different states. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars as to the plaintiff, exclusive of interests and costs.

2. Venue is founded upon 28 U.S.C. §1391. Venue is proper in this Court because the Plaintiff is located in this district and it is for the convenience of Plaintiff and the witnesses. Furthermore,

SACCO & FILLAS, LLP

Venue is proper and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District.

3. Plaintiff demands a trial by jury on each of the causes of actions pleaded herein.

## NATURE OF ACTION

4. This is an action for personal injuries sustained by the Plaintiff, GIORGI MIKANADZE, on January 21, 2022, when Plaintiff, GIORGI MIKANADZE, was lawfully operating a 2019 RAM motor vehicle bearing Ohio State license plate number PKU8005, when it was involved in collision with a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433, which was owned by the Defendants, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., and operated by the Defendant, DANIEL HOWARD REED, while in course of his employment for the Defendants, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC.

5. Consequently, the Plaintiff, GIORGI MIKANADZE, was caused to suffer personal injuries which are believed to be permanent in nature and involve, *inter alia*, liver laceration, spleen laceration, shattered right hip, fractured left hip, shattered right knee, fractured left wrist, fractured left forearm, fractured right heel, multiple fractures in lower back fractured ribs and open fracture of right leg, although subsequent symptoms and pathology may be discovered over the course of this litigation.

## THE PARTIES

6. The Plaintiff, GIORGI MIKANADZE, was and still is a resident of Queens County, City and the State of New York.

7. The Defendant, DANIEL HOWARD REED, was and still is a resident of Allegheny County, City of Pittsburg and the State of Pennsylvania.

8. The Defendant, STEPHEN JOHN POLLAK, was and still is a resident of Westmoreland County, City/Town of Irwin and the State of Pennsylvania.

9. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and still is a foreign corporation duly authorized to do business in the State of Ohio and State of New York.

10. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and still is a domestic corporation conducting business in the State of Ohio and State of New York.

11. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

12. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and is a general association organized and existing under and by virtue of the laws of the State of Ohio.

13. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and is a partnership conducting business in the State of Ohio.

14. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and is an unincorporated association organized and existing under and by virtue of the laws of the State of Ohio and maintains its principal office in the State of Indiana.

15. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and is an unincorporated association organized and existing under and by virtue of the laws of the State of Ohio and maintains its principal office in the State of New York.

16. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and still is a limited partnership duly authorized to conduct business in the City and the State of New York.

17. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was

and still is a limited liability company duly authorized to conduct business in the City and the State of New York.

18. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and still is a sole proprietorship duly authorized to conduct business in the City and the State of New York.

19. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was and still is a fictional corporation, maintaining its offices within the City and State of New York.

20. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., regularly does, or solicits, business in the State of New York.

21. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., received substantial revenue from goods used or consumed or service rendered in the City and the State of New York.

22. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., expected or should reasonably have expected its acts to have consequence in the City and the State of New York.

23. That at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., derived substantial revenue from interstate or international commerce.

24. This action also exists within the two-year statute of limitations for commencing suits which exists within the State of Ohio. Ohio Revised Code § 2305.10(A)

## GENERAL ALLEGATIONS AND RELIEF SOUGHT

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS FOR NEGLIGENCE

25. Plaintiff, GIORGI MIKANADZE, repeats and re-alleges each and every allegation

contained in Paragraphs numbered "1" through "24" of the Complaint, as if fully set forth at length herein.

26. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was the owner of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

27. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was the lessee of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

28. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., was the lessor of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

29. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., managed the aforementioned motor vehicle.

30. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., maintained the aforementioned motor vehicle.

31. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., controlled the aforementioned motor vehicle.

32. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., supervised the aforementioned motor vehicle.

33. Upon information and belief, that at all times hereinafter mentioned, the Defendant, ALLIED VAN LINES, INC., repaired the aforementioned motor vehicle.

34. At all times herein mentioned, Defendant, DANIEL HOWARD REED, was the operator of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

35. At all times herein mentioned, Defendant, DANIEL HOWARD REED, managed the aforementioned motor vehicle.

36. At all times herein mentioned, Defendant, DANIEL HOWARD REED, maintained the aforementioned motor vehicle.

37. At all times herein mentioned, Defendant, DANIEL HOWARD REED, controlled the aforementioned motor vehicle.

38. At all times herein mentioned, Defendant, DANIEL HOWARD REED, repaired the aforementioned motor vehicle.

39. At all times herein mentioned, Defendant, DANIEL HOWARD REED, operated the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, ALLIED VAN LINES, INC.

40. At all times herein mentioned, Defendant, DANIEL HOWARD REED, operated the aforementioned motor vehicle with express knowledge, consent, permission and/or in scope of agency for its owner, the Defendant, ALLIED VAN LINES, INC.

41. At all times herein mentioned, Defendant, DANIEL HOWARD REED, managed the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, ALLIED VAN LINES, INC.

42. At all times herein mentioned, Defendant, DANIEL HOWARD REED, maintained the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, ALLIED VAN LINES, INC.

43. At all times herein mentioned, Defendant, DANIEL HOWARD REED, controlled the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, ALLIED VAN LINES, INC.

44. At all times herein mentioned, Defendant, DANIEL HOWARD REED, supervised the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, ALLIED VAN LINES, INC.

45. At all times herein mentioned, Defendant, DANIEL HOWARD REED, repaired the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, ALLIED VAN LINES, INC.

46. At all times herein mentioned, Defendant, DANIEL HOWARD REED, operated the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, while in course of his employment for the Defendant, ALLIED VAN LINES, INC.

47. At all times herein mentioned, Defendant, DANIEL HOWARD REED, operated the aforementioned motor vehicle with express knowledge, consent, permission and/or the scope of agency for its owner ALLIED VAN LINES, INC.

48. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, was the owner of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

49. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, was the lessee of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

50. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, was the lessor of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

51. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, managed the aforementioned motor vehicle.

52. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, maintained the aforementioned motor vehicle.

53. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, controlled the aforementioned motor vehicle.

54. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, supervised controlled the aforementioned motor vehicle.

55. Upon information and belief, that at all times hereinafter mentioned, the Defendant, STEPHEN JOHN POLLAK, repaired the aforementioned motor vehicle.

56. At all times herein mentioned, Defendant, DANIEL HOWARD REED, was the operator of a 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

57. At all times herein mentioned, Defendant, DANIEL HOWARD REED, operated the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business of its owner, the Defendant, STEPHEN JOHN POLLAK.

58. At all times herein mentioned, Defendant, DANIEL HOWARD REED, operated the aforementioned motor vehicle with express knowledge, consent, permission and/or scope of its agency with Defendant, STEPHEN JOHN POLLAK.

59. At all times herein mentioned, Defendant, DANIEL HOWARD REED, managed the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business and/or agency of its owner, the Defendant, STEPHEN JOHN POLLAK.

60. At all times herein mentioned, Defendant, DANIEL HOWARD REED, maintained the aforementioned motor vehicle with express knowledge, consent and/or on the business and/or agency of its owner, the Defendant, STEPHEN JOHN POLLAK.

61. At all times herein mentioned, Defendant, DANIEL HOWARD REED, controlled the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business and/or agency of its owner, the Defendant, STEPHEN JOHN POLLAK.

62. At all times herein mentioned, Defendant, DANIEL HOWARD REED, supervised the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business and/or agency of its owner, the Defendant, STEPHEN JOHN POLLAK.

63. At all times herein mentioned, Defendant, DANIEL HOWARD REED, repaired the aforementioned motor vehicle with express knowledge, consent, permission and/or on the business and/or agency of its owner, the Defendant, STEPHEN JOHN POLLAK.

64. At all times herein mentioned, eastbound Ohio Turnpike (IR76), was and still is a public roadway and/or thoroughfare in Jackson County and State of Ohio.

65. That on or about January 21, 2022, at approximately 7:00PM, Plaintiff, GIORGI MIKANADZE, was lawfully operating a 2019 RAM motor vehicle bearing Ohio State license plate number PKU8005, at the aforementioned location.

66. That on or about January 21, 2022, at approximately 7:00PM, Defendant, DANIEL HOWARD REED, was operating the motor vehicle, owned by the Defendants, ALLIED VAN LINES, INC. and STEPHEN JOHN POLLAK, at the aforementioned location.

67. That on or about January 21, 2022, at approximately 7:00PM, the motor vehicle owned and operated by the Defendants, DANIEL HOWARD REED, ALLIED VAN LINES, INC. and STEPHEN JOHN POLLAK, came in contact with the motor vehicle operated by the Plaintiff, GIORGI MIKANADZE, causing the Plaintiff, GIORGI MIKANADZE, to sustain serious and permanent multiple personal injuries.

68. That at all times hereinafter mentioned, it was the duty of the Defendants, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., to properly and adequately supervise and ensure that his

said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable properties and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable to safely operate such vehicle.

69. That said occurrence was due solely and wholly to the negligence, carelessness and recklessness of Defendants, in the ownership, operation, maintenance, management and control of their said motor vehicle, all without any fault, negligence, assumption of risk, lack of care or other culpable conduct on Plaintiff's part contributing thereto.

70. Solely as a result of the Defendants' negligence, carelessness and recklessness, the Plaintiff, GIORGI MIKANADZE, sustained severe and serious personal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are permanent and lasting in nature. Plaintiff has been rendered sick, sore, lame, and disabled; he has been incapacitated from pursuing his usual vocation and avocations; and he has been and will in the future be required to seek, obtain and undergo hospital, surgical and medical care, attention and treatment in an effort to be cured of his said injuries, and to expend and become obligated for sums of money in connection therewith.

71. By reason of the foregoing, the Defendants are liable to the Plaintiff, GIORGI MIKANADZE, for the sum of Ten Million ($10,000,000.00) Dollars, with interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS FOR NEGLIGENT HIRING/TRAINING/RETENTION

72. Plaintiff, GIORGI MIKANADZE, repeats and re-alleges each and every allegation

contained in Paragraphs numbered "1" through "72" of the Complaint, as if fully set forth at length herein.

73. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives had a duty to adequately and reasonably investigate, vet and/or hire recruiters, administrators, employees, agents, servants, and/or representatives at its premises, including Defendant, DANIEL HOWARD REED, in a manner to ensure the safety to other drivers, more particularly, the Plaintiff, GIORGI MIKANADZE.

74. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives knew or should have known of the propensity of its drivers, including Defendant, DANIEL HOWARD REED, to improper operation of motor vehicle, such that the conduct causing Plaintiff's, GIORGI MIKANADZE, injuries was foreseeable.

75. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives failed to exercise reasonable care in hiring the Defendant, DANIEL HOWARD REED.

76. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives failed to take adequate and reasonable measures or steps to intervene on behalf of the Plaintiff, GIORGI MIKANADZE.

77. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., knew of the Defendant's, DANIEL HOWARD REED, propensity for the injury-causing and tortious conduct alleged herein prior to and at the time of his hiring.

78. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., should have known of the propensity of the Defendant, DANIEL HOWARD REED, for the injury-causing and tortious conduct alleged herein prior to hiring, had the Defendant, ALLIED VAN LINES, INC., instituted and conducted adequate hiring policies, procedures, and/or investigations.

SACCO & FILLAS, LLP

79. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., failed to investigate Defendant, DANIEL HOWARD REED, prior to hiring despite knowledge of facts that would lead a reasonably prudent person to investigate this Defendant.

80. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., failed to take corrective action against the Defendant, DANIEL HOWARD REED, prior to hiring despite knowledge of facts that would lead a reasonably prudent person to take corrective action against this Defendant.

81. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives had a duty to adequately and reasonably retain, investigate and/or maintain the employment of its drivers, recruiters, administrators, employees, agents, servants, and/or representatives, including Defendant, DANIEL HOWARD REED, in a manner to insure the safety and to protect other drivers and, more particularly, the Plaintiff, GIORGI MIKANADZE.

82. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives failed to exercise reasonable care in retaining the Defendant, DANIEL HOWARD REED.

83. At all times herein mentioned, Defendant, ALLIED VAN LINES, INC., its employees, agents, servants, and/or representatives failed to take adequate and reasonable measures or steps to intervene on behalf of the Plaintiff, GIORGI MIKANADZE.

84. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives had a duty to adequately and reasonably investigate, vet and/or hire recruiters, administrators, employees, agents, servants, and/or representatives at its premises, including Defendant, DANIEL HOWARD REED, in a manner to ensure the safety to other drivers, more particularly, the Plaintiff, GIORGI MIKANADZE.

85. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives knew or should have known of the propensity of its drivers, including Defendant, DANIEL HOWARD REED, to improper operation of motor vehicle, such that the conduct causing Plaintiff's, GIORGI MIKANADZE, injuries was foreseeable.

86. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives failed to exercise reasonable care in hiring the Defendant, DANIEL HOWARD REED.

87. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives failed to take adequate and reasonable measures or steps to intervene on behalf of the Plaintiff, GIORGI MIKANADZE.

88. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, knew of the Defendant's, DANIEL HOWARD REED, propensity for the injury-causing and tortious conduct alleged herein prior to and at the time of his hiring.

89. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, should have known of the propensity of the Defendant, DANIEL HOWARD REED, for the injury-causing and tortious conduct alleged herein prior to hiring, had the Defendant, STEPHEN JOHN POLLAK, instituted and conducted adequate hiring policies, procedures, and/or investigations.

90. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, failed to investigate Defendant, DANIEL HOWARD REED, prior to hiring despite knowledge of facts that would lead a reasonably prudent person to investigate this Defendant.

91. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, failed to take corrective action against the Defendant, DANIEL HOWARD REED, prior to hiring despite knowledge of facts that would lead a reasonably prudent person to take corrective action against this Defendant.

SACCO & FILLAS, LLP

92. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives had a duty to adequately and reasonably retain, investigate and/or maintain the employment of its drivers, recruiters, administrators, employees, agents, servants, and/or representatives, including Defendant, DANIEL HOWARD REED, in a manner to insure the safety and to protect other drivers and, more particularly, the Plaintiff, GIORGI MIKANADZE.

93. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives failed to exercise reasonable care in retaining the Defendant, DANIEL HOWARD REED.

94. At all times herein mentioned, Defendant, STEPHEN JOHN POLLAK, its employees, agents, servants, and/or representatives failed to take adequate and reasonable measures or steps to intervene on behalf of the Plaintiff, GIORGI MIKANADZE.

95. At all times herein mentioned, Defendant, DANIEL HOWARD REED, acted in furtherance of and within the course and scope of his duties and functions as an employee, agent, servant, and/or representative of Defendant, ALLIED VAN LINES, INC.

96. That at all times herein mentioned, Defendant, DANIEL HOWARD REED, acted pursuant to the customs, usages, practices, procedures, and/or rules of the Defendant, ALLIED VAN LINES, INC., all under the supervision of ranking employees, agents, servants, and/or representatives of Defendant, ALLIED VAN LINES, INC.

97. At all times herein mentioned, Defendant, DANIEL HOWARD REED, was an employee, agent, servant and/or representative of the Defendant, ALLIED VAN LINES, INC., when Plaintiff, GIORGI MIKANADZE, was injured.

98. At all times herein mentioned, Defendant, DANIEL HOWARD REED was a driver of the Defendant, ALLIED VAN LINES, INC., when Plaintiff, GIORGI MIKANADZE, was injured.

99. At all times herein mentioned, Defendant, DANIEL HOWARD REED, acted in furtherance of and within the course and scope of his duties and functions as an employee, agent, servant, and/or representative of Defendant, STEPHEN JOHN POLLAK.

100. That at all times herein mentioned, Defendant, DANIEL HOWARD REED, acted pursuant to the customs, usages, practices, procedures, and/or rules of the Defendant, STEPHEN JOHN POLLAK, all under the supervision of ranking employees, agents, servants, and/or representatives of Defendant, STEPHEN JOHN POLLAK.

101. At all times herein mentioned, Defendant, DANIEL HOWARD REED, was an employee, agent, servant and/or representative of the Defendant, STEPHEN JOHN POLLAK, when Plaintiff, GIORGI MIKANADZE, was injured.

102. At all times herein mentioned, Defendant, DANIEL HOWARD REED was a driver of the Defendant, STEPHEN JOHN POLLAK, when Plaintiff, GIORGI MIKANADZE, was injured.

103. On or about January 21, 2022, and at all times material to this Complaint, Defendants, DANIEL HOWARD REED, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., were the agents, employees and/or partners of one another and, in doing the things alleged, were acting within the course and scope of such agency and/or employment, and/or aided and/or abetted one another and/or ratified the acts of one another as to make them liable for the Plaintiff's damages.

104. Defendants, DANIEL HOWARD REED, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., are liable for these acts of each other through principles of *respondeat superior*, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

105. Defendants, DANIEL HOWARD REED, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., are liable for these acts to the Plaintiff based on the principles of joint and several liability, caused and created and *res ipsa*.

SACCO & FILLAS, LLP

106. On or about January 21, 2022, and at all times material to this complaint, Defendants and each of them owed Plaintiff a duty of reasonable / due care as well as statutory duties established in the State of New York and/or State of Ohio.

107. That solely as a result of the foregoing, Plaintiff, GIORGI MIKANADZE, sustained severe and serious personal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are permanent and lasting in nature. Plaintiff has been rendered sick, sore, lame, and disabled; he has been incapacitated from pursuing his usual vocation and avocations; and he has been and will in the future be required to seek, obtain and undergo hospital, surgical and medical care, attention and treatment in an effort to be cured of his said injuries, and to expend and become obligated for sums of money in connection therewith.

108. By reason of the foregoing, the Defendants are liable to the Plaintiff, GIORGI MIKANADZE, for the sum of Ten Million ($10,000,000.00) Dollars, with interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS FOR NEGLIGENT ENTRUSTMENT

109. Plaintiff, GIORGI MIKANADZE, repeats and re-alleges each and every allegation contained in Paragraphs numbered "1" through "110" of the Complaint, as if fully set forth at length herein.

110. That on or about January 21, 2022, the Defendant, ALLIED VAN LINES, INC. and STEPHEN JOHN POLLAK, negligently entrusted its motor vehicle to the Defendant, DANIEL HOWARD REED, who the Defendants, STEPHEN JOHN POLLAK and ALLIED VAN LINES,

INC., knew or should have known was incompetent and untrained to operate a certain 2006 HINO motor vehicle bearing Pennsylvania State license plate number ZFR5433.

111. That at all times hereinafter mentioned the Defendants, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC., had actual and/or constructive knowledge that defendant, DANIEL HOWARD REED, was incompetent and/or unfit to safely operate a motor vehicle; and/or that defendant, DANIEL HOWARD REED, had propensity to drive in a reckless, hazardous and/or dangerous manner.

112. That solely as a result of the foregoing, Plaintiff, GIORGI MIKANADZE, sustained severe and serious personal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are permanent and lasting in nature. Plaintiff has been rendered sick, sore, lame, and disabled; he has been incapacitated from pursuing his usual vocation and avocations; and he has been and will in the future be required to seek, obtain and undergo hospital, surgical and medical care, attention and treatment in an effort to be cured of his said injuries, and to expend and become obligated for sums of money in connection therewith.

113. By reason of the foregoing, the Defendants are liable to the Plaintiff, GIORGI MIKANADZE, for the sum of Ten Million ($10,000,000.00) Dollars, with interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

**WHEREFORE,** Plaintiff, GIORGI MIKANADZE, demands judgment against the Defendants in the sum of Ten Million ($10,000,000.00) Dollars to date and continuing, altogether with the costs and disbursements of this action, and with interest from the date of the accident, on the First Cause of action; Plaintiff, GIORGI MIKANADZE, demands judgment against the Defendants in the sum of Ten Million ($10,000,000.00) Dollars to date and continuing, altogether with the costs and disbursements of this action, and with interest from the date of the accident, on the Second Cause

of action; Plaintiff, GIORGI MIKANADZE, demands judgment against the Defendants in the sum of Ten Million ($10,000,000.00) Dollars to date and continuing, altogether with the costs and disbursements of this action, and with interest from the date of the accident, on the Third Cause of action.

Dated: Astoria, New York
      May 6, 2022

Yours, etc.,

_____
By: Joseph Katz, Esq.
SACCO & FILLAS, LLP
*Attorneys for Plaintiff*
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 28229-22

Civil Case No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GIORGI MIKANADZE,

                              Plaintiff,

    -against-

DANIEL HOWARD REED, STEPHEN JOHN POLLAK and ALLIED VAN LINES, INC.,

                            Defendants.

---

**CIVIL COVER SHEET, SUMMONS,
COMPLAINT AND DEMAND FOR A JURY TRIAL**

---

Dated:  Astoria, New York
          May 6, 2022

                                                    Signature:

                                                      _____
                                                      By: Joseph Katz, Esq.

                                               SACCO & FILLAS, LLP
                                             *Attorneys for Plaintiff*
                                             31-19 Newtown Avenue
                                                  Seventh Floor
                                            Astoria, New York 11102
                                                  (718) 746-3440
                                            Our File # 28229-22

SACCO & FILLAS, LLP